FILED

JUN 16 2015

Clerk, U.S. District Court
District Of Montana
Helena

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**BUTTE DIVISION**

| | |
|---|---|
| In re:<br><br>HARDIN & COMPANY, LTD.,<br><br>Debtor. | Bankruptcy Case No. 13-60413 |
| DENNIS HARDIN,<br><br>Appellant,<br><br>vs<br><br>JOSEPH V. WOMACK, et al.<br><br>Appellee. | No. CV-14-35-BU-SEH<br><br>**MEMORANDUM AND ORDER** |

## BACKGROUND

Debtor, Hardin & Company, Ltd. is a real estate firm, owned by Dennis Hardin ("Hardin"). Pre-bankruptcy, Hardin listed for sale property of two veterinarians (Stafford and Longren, together "Veterinarians"). Hardin asserted it

marketed the property. The listing expired. The property was later sold. Hardin sued the Veterinarians for a commission from the sale in Montana State Court. The case was dismissed on summary judgment in favor of the Veterinarians. The Veterinarians also were awarded fees by the State Court. No judgment was entered. Hardin then filed Chapter 7 bankruptcy. Hardin, as a creditor of the bankrupt, sought to have the estate's commission claim - the same claim dismissed by the State Court - abandoned as an estate asset. The Trustee refused. Hardin next offered to buy the claim from the Trustee. The Trustee declined. This appeal followed.

## JURISDICTION

This Court has appellate jurisdiction to review final orders of the Bankruptcy Court under 28 U.S.C. § 158(a).

## ISSUE ON APPEAL

This appeal raises a singe question: Did the Bankruptcy Court err in denying Creditor Dennis Hardin's petition to require the bankruptcy trustee to abandon the real estate commission claim against Stafford and Longren? The answer is "no."

## STANDARD OF REVIEW

A bankruptcy court's decision to authorize or deny abandonment of the

estate asset is reviewed for an abuse of discretion.[1]

## **DISCUSSION**

An abuse of discretion occurs if a decision is based upon an incorrect conclusion of law or the record contains no evidence on which the bankruptcy court "rationally could have based that decision."[2]

The Bankruptcy Court did not abuse its discretion in denying the petition to abandon. The evidence introduced by the Trustee in opposing abandonment was significant, including that the claim had a very small chance of success on the merits, that the claim, if abandoned, would revert to the estate and not to Hardin personally, and would not allow Hardin to step into the Debtor's shoes, that the Trustee claimed he would continue to have the obligation to administer the estate until the bankruptcy was closed, and that further litigation involving the claim could put the estate at risk of exposure to an award of additional attorney's fees against the estate. In the end, the Bankruptcy Court concluded that although declining to abandon the claim was burdensome to the estate, that burden was offset by the benefits of retention. The record supports the conclusion.

---

[1] *See Viet Vu v. Kendall*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000) (quoting *Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540 (9th Cir. 1995).

[2] *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988) (quoting *Hill v. United States Immigration & Naturalization Serv. (In re Hill)*, 775 F.2d 1037, 1040 (9th Cir. 1985)).

3

## CONCLUSION

The Bankruptcy Court did not abuse its discretion in refusing to order the Trustee to abandon the State Court claim.

## ORDER

Judge Kirscher's Order and Memorandum of Decision of March 21, 2014, are AFFIRMED.[3]

DATED this 16th day of June, 2015.

*Sam E. Haddon*
SAM E. HADDON
United States District Judge

---

[3] *See In re Hardin & Company, Ltd.,* Bankr. Case No. 13-60413-7, Docs. 106 and 107.

4